UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY WHITE, #710136,

                Petitioner,

                                CASE NO. 2:11-CV-10262

v.                               HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

                Respondent.
_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.      Introduction**

      Michigan prisoner Amy White ("Petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting that she is held in custody in violation of her constitutional rights.  Petitioner pleaded guilty to delivery of more than 50 grams but less than 450 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii), and delivery of less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), in the Oakland County Circuit Court and was sentenced to concurrent terms of 51 months to 20 years imprisonment in 2008.  In her pleadings, she raises claims concerning the validity of her sentence and the effectiveness of trial counsel.  For the reasons stated, the Court denies the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Facts and Procedural History**

      Petitioner's convictions arise from her actions in selling drugs to an undercover police officer with co-defendant Kiara Fields in Royal Oak, Michigan on April 11, 2008 and April 24, 2008.  On

November 3, 2008, Petitioner pleaded guilty, with a stated intention from the trial court to impose a minimum sentence within the guideline range, likely at the low end, preliminarily determined to be 51 months to 85 months imprisonment. On December 8, 2008, the trial court sentenced Petitioner to 51 months to 20 years imprisonment with credit for time served.

Petitioner moved for corrections to the pre-sentence report and for resentencing, asking the trial court to take her attempted cooperation with authorities into account and a promise from counsel that she would be boot camp eligible, to impose a sentence below the guideline range. After a hearing on June 24, 2009, the court denied the motion.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review; it was denied for lack of merit in the grounds presented. *People v. White*, No. 293413 (Mich. Ct. App. Sept. 28, 2009) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. White*, 485 Mich. 1081, 777 N.W.2d 182 (2010).

Petitioner then filed her federal habeas petition raising the following claims:

> This Court should find there are objective and verifiable factors which constitute substantial and compelling reasons to depart below the 51 to 85 month guideline range where, in addition to numerous other factors, due to ineffective assistance [sic] it was not brought to the court's attention that defendant cooperated with authorities in drug buys, and re-sentence Mrs. White to a term that would allow her to be boot camp eligible per an unfulfilled promise made to her by her trial counsel..

Respondent filed an answer to the petition contending that it should be denied. Petitioner replied.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas cases brought by state prisoners challenging their state criminal proceedings:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant

2

to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the

3

benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its

decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.    Analysis**

Petitioner asserts that she is entitled to habeas relief because the trial court erred in refusing to impose a sentence below the minimum sentencing guideline range based upon her cooperation with authorities (and other factors) and defense counsel's promise of a boot camp sentence. Petitioner relatedly asserts that trial counsel was ineffective as to such matters. The trial court denied Petitioner's motion for resentencing and the Michigan appellate courts both denied leave to appeal. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an

unreasonable application thereof.[1]

As an initial matter, the Court notes that Petitioner's sentence is within the statutory maximum of 20 years imprisonment. *See* MICH. COMP. LAWS §§ 333.7401(2)(a)(iii), (iv). A sentence within the statutory limit is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner has made no such showing. Her sentence is within the statutory maximum set by state law.

Moreover, Petitioner cannot prevail on her claim that the trial court erred in refusing to depart below the state sentencing guidelines. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir. 2000) (alleged violation of state law as to sentencing is not subject to federal habeas relief); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *Schram v. Booker*, No. 2:11-CV-15045, 2011 WL 6004577, *3 (E.D. Mich. Dec. 1, 2011) (denying habeas relief on claim that state trial court erred in denying request for downward departure by failing to consider cooperation with police); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). State courts are the final arbiters of state law and the federal courts will not intervene in such matters.

---

[1]The Court would reach the same conclusion under a *de novo* standard of review.

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner also cannot prevail on her claim that defense counsel was ineffective in failing to bring her cooperation with authorities (and other factors) to the trial court's attention, or for promising her that she would be eligible for boot camp. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a proceeding. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id.* at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.*  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.  *Id*. at 788.

As to the sentencing factors, Petitioner cannot establish that defense counsel erred and/or that she was prejudiced by counsel's conduct.  The plea and sentencing transcripts reveal that the trial court was aware of Petitioner's work history (and corrected the pre-sentence report as to that history), Petitioner's family support, and her lack of a criminal record at the time of sentencing. Defense counsel asked for a downward departure to a three-year minimum sentence, but the trial court denied that request.  While counsel did not bring Petitioner's cooperation with authorities to the Court's attention at sentencing, counsel may have reasonably chosen not to do so at that time because her cooperation did not lead to convictions and preceded her criminal charges.  In any event, Petitioner's cooperation was discussed at the re-sentencing hearing, but the trial court denied the request for a downward departure.  Thus, even if counsel erred, Petitioner cannot establish that she

8

was prejudiced by counsel's conduct.  The trial court was not willing to depart below the guidelines.

As to boot camp, the record belies Petitioner's claim that defense counsel "promised" her a boot camp eligible sentence and that this induced her to plead guilty.  The plea hearing transcript reveals no such promise.  Rather, the trial court informed Petitioner of its intention to sentence her at the bottom end of the guideline range, preliminarily determined to be 51 months imprisonment, and informed her that her maximum sentence was 20 years imprisonment.  Petitioner stated that she understood the terms of her plea and agreed that no other promises or threats had been made to her to get her to tender her plea.  As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite.  This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us.   "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).  Petitioner has not shown that counsel misadvised her about her plea or sentence.  Moreover, even if Petitioner was misinformed by counsel, she is not entitled to relief.  A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about a plea.  *Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004).  The trial court conducted a proper colloquy, reviewing the terms of the plea and its consequences.  Petitioner indicated that she understood those matters.  Petitioner has failed to establish that defense counsel

erred and/or that she was prejudiced by counsel's conduct as required under *Strickland*.[2]

Lastly, the Court notes that Petitioner is not entitled to relief on any claim that the government breached a plea or sentencing agreement. In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello* only applies to promises that induce a defendant to tender the plea. *Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). The appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *Santobello*, 404 U.S. at 263. The appropriate remedy is within the trial court's discretion, *id.*, and the Constitution does not require specific performance, *Mabry*, 467 U.S. at 510 n.11.

Petitioner has not shown that the government breached any promise or agreement. There was no plea agreement and the only sentencing agreement was the trial court's statement that it would impose a minimum sentence within the guideline range of 51 months to 85 months imprisonment, and likely at the bottom end of that range. The trial imposed a sentence that conformed with its stated intention. There is no evidence that the prosecutor, the trial court, or defense counsel promised Petitioner that she would receive a lesser sentence, be eligible for boot camp, or be sentenced to boot camp. Petitioner has failed to establish a *Santobello* violation, or any other violation of her constitutional rights. Habeas relief is not warranted.

## V.      Conclusion

---

[2]Given this determination, the Court need not address the exhaustion issue raised by Respondent. *See* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Petitioner is not entitled to federal habeas relief, and the Court **DENIES WITH PREJUDICE** her Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. The Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal; any appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). The Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 30, 2013

11

The undersigned certifies that a copy of this document was served on the attorneys of record and Amy White by electronic means or U.S. Mail on April 30, 2013.

S/Linda Vertriest
Deputy Clerk